UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL BLAKE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | * * * * | CIVIL ACTION NO. |
| Plaintiff, | * * | SECTION: |
| vs. | * * | |
| SUPREME SERVICE & SPECIALTY COMPANY, INC. | * * * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michael Blake brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant Supreme Service & Specialty Company, Inc. (hereinafter "Supreme"), during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who worked for Supreme within the last three years and were paid a fixed salary plus non-discretionary job bonuses for all hours worked and jobs completed in the field or offshore, but did not receive overtime for all hours worked over forty (40) in each workweek.

1.3     The FLSA requires that all forms of compensation—including the non-discretionary job bonuses paid to Plaintiff and the Putative Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

1.4     Plaintiff and the Putative Class Members routinely worked in excess of 40 hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid the proper amount of overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Supreme not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Supreme knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed technical and manual labor type job duties associated with various land-based and offshore oilfield assignments and jobs.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## THE PARTIES

2.1    Plaintiff Michael Blake ("Blake") worked for Supreme within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Blake did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2    The Putative Class Members are those current and former employees who work (or have worked) for Supreme in the past three years and have been subjected to the same illegal pay system under which Plaintiff Blake worked and was paid.

2.3    Supreme Service & Specialty Company, Inc. ("Supreme") is a Louisiana corporation, having its principal place of business in Houma, Terrebonne Parish, Louisiana. Supreme may be served through its registered agent for service, Thomas J. Fanguy, 4710 Highway 56, Chauvin, Louisiana 70344.

## III.
## JURISDICTION & VENUE

3.1    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2    This Court has personal jurisdiction over Supreme because the cause of action arose within this district as a result of Supreme's conduct within this District.

3.3    Venue is proper in the Eastern District of Louisiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, Supreme is headquartered in Houma, Louisiana, which is located within this District and Division.

3.4    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[2] The written consent of Michael Blake is attached hereto as Exhibit "A."

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Supreme has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Supreme has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Supreme has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Supreme, these individuals provided services for Supreme that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Supreme and were engaged in land-based and offshore oilfield services

that were directly essential to the production of goods for Supreme and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7    At all times hereinafter mentioned, Plaintiff and the Putative Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8    The proposed class(es) of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for Supreme Service & Specialty Company, Inc., at any time in the last three years who were paid a salary plus job bonuses but no overtime."

4.9    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Supreme.

## V.
## FACTS

5.1    Supreme was founded in 1984 and is the largest independent specialty rental company in the United States.[3] Supreme has approximately 450 employees operating from ten facilities across the United States and is continuing to grow.[4]

5.2    Supreme currently has locations in Alice, Texas; Refugio, Texas; Houston, Texas; Shreveport, Louisiana; Broussard, Louisiana and Houma, Louisiana.[5]

5.3    Plaintiff Blake worked for Supreme as a Frac Supervisor from approximately August 2008 until April 2016 at which time he was terminated by Supreme.

---

[3] *See* http://www.supremeservices.com/index.php?id=4.

[4] *Id.*

[5] *See* http://www.supremeservices.com/index.php?id=6.

5.4     Plaintiff Blake was paid a fixed salary for all hours worked plus non-discretionary job bonuses for time worked at a well site/drilling location.

5.5     The Putative Class Members worked in all of Supreme's land-based and offshore divisions – Pump Support, Flowback/Well Testing, Wireline Support, Frac Stack, Rentals, Thru Tubing and Offshore in the last three years.

5.6     Plaintiff and the Putative Class Members were required to work land-based jobs throughout the State of Texas, Louisiana and New Mexico and offshore jobs in the Gulf of Mexico.

5.7     Plaintiff and the Putative Class Members were paid a fixed salary for all hours worked plus non-discretionary job bonuses for time worked at a well site/drilling location. None of these workers were paid overtime for hours worked in excess of forty (40) in a workweek during the last three years.

5.8     Plaintiff and the Putative Class Members were not required to have an advanced degree to work for Supreme. In fact, Supreme regularly hired employees with only a high school diploma (or less).

5.9     Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield and offshore.

5.10    Plaintiff and the Putative Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

5.11    Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

5.12    Moreover, Plaintiff and the Putative Class Members did not supervise two or more employees. Specifically, Supreme regularly required Plaintiff and the Putative Class Members to work in two-man teams with one "supervisor" and one "operator" to complete their assigned tasks.

5.13    Plaintiff and the Putative Class Members worked long hours. Specifically, these individuals regularly worked more than twelve (12) hours in a day, and more than 80 hours in a week.

5.14    Upon information and belief, the non-discretionary job bonuses paid to Plaintiff and the Putative Class Members were meant to encourage and motivate Plaintiff and the Putative Class Members to work harder and to reward them for their hard work.

5.15    Upon information and belief, the non-discretionary job bonuses were based upon a pre-determined formula established by Supreme. Moreover, specific criteria had to be met in order to receive the job bonuses.

5.16    When Plaintiff and the Putative Class Members met the criteria, they were entitled to receive the job bonuses.

5.17    Upon information and belief, Plaintiff and the Putative Class Members received these non-discretionary job bonuses on a regular and frequent basis.

5.18    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.19    Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

5.20    Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses/day rates (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

5.21    Not only did Supreme fail to include these non-discretionary job bonuses in their salaried employees' regular rates of pay before applying any and all overtime multipliers, Supreme did not pay any overtime at all for work in excess of forty (40) hours per week to these workers.

5.22    Accordingly, Supreme's pay policies and practices blatantly violated the FLSA.

# VI.
# CAUSES OF ACTION

**A.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     Supreme violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Supreme knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. *See* 29 U.S.C. § 255(a).

6.3     Supreme knew or should have known their pay practices were in violation of the FLSA.

6.4      Supreme is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Supreme to pay according to the law.

6.6     The decision and practice by Supreme to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

B. **COLLECTIVE ACTION ALLEGATIONS**

6.8    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9    Other similarly situated employees have been victimized by Supreme's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10   The Putative Class Members are "all current and former employees who worked for Supreme Service & Specialty Company, Inc., at any time in the last three years and were paid a salary plus job bonuses but no overtime."

6.11   Supreme's failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12   Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13   The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14   All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15   Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar oilfield (and offshore) workers entitled to overtime after forty (40) hours in a workweek.

6.16   Supreme employed a substantial number of workers in the United States during the past three years. These workers are geographically dispersed, residing and working in states across

the country. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

6.17  Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Supreme will retain the proceeds of its rampant violations.

6.18  Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19  Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR SUPREME SERVICE & SPECIALTY COMPANY, INC., AT ANY TIME IN THE LAST THREE YEARS WHO WERE PAID A SALARY PLUS JOB BONUSES BUT NO OVERTIME**

## VII.
## RELIEF SOUGHT

7.1  Plaintiff respectfully prays for judgment against Supreme as follows:

  a.  For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Supreme to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative collective action members;

  b.  For an Order approving the form and content of a notice to be sent to all Putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

  c.  For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

  d.  For an Order pursuant to Section 16(b) of the FLSA finding Supreme liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated

damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

  g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awaiting Plaintiff a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of Supreme; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

By: *s/ Michael T. Tusa, Jr.*
   Michael T. Tusa, Jr. (#02154)
   SUTTON, ALKER & RATHER, LLC
   4080 Lonesome Road, Suite A
   Mandeville, Louisiana 70448
   Telephone: (985) 727-7501
   Facsimile: (985) 727-7505
   Email: mtusa@sutton-alker.com

   *s/ Clif Alexander*
   Clif Alexander (*Pro Hac Vice Forthcoming*)
   Federal I.D. No. 1138436
   Texas Bar No. 24064805
   ANDERSON2X, PLLC
   819 N. Upper Broadway
   Corpus Christi, Texas 78401
   Telephone: (361) 452-1279
   Facsimile: (361) 452-1284
   Email: clif@a2xlaw.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification to all counsel of record who are ECF users.

        *s/ Michael T. Tusa, Jr.*
        Michael T. Tusa, Jr.