# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL BLAKE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br>    Plaintiffs, | * * * * * | CIVIL ACTION NO.<br>2:16-cv-012713-SM-JCW<br><br>SECTION: E |
| vs. | * * | |
| SUPREME SERVICE & SPECIALTY COMPANY, INC. | * * | DISTRICT JUDGE MORGAN<br><br>MAGISTRATE JUDGE WILKINSON |

## ORDER AND OPINION

Before the Court is the Joint Motion to Approve Settlement filed by Defendant Supreme Service & Specialty Co., Inc. and Plaintiffs Michael Blake, Junuis Bonvillain, Jerome Galloway, Ryan Holford, Carroll Lawson, Damien McDowell, Dustin Miller, Vincent Soto, and Jason Bradley Wagner in this *Fair Labor Standards Act* lawsuit. For the reasons stated below, the motion is GRANTED.

### CASE OVERVIEW AND SETTLEMENT TERMS

Michael Blake filed this lawsuit on July 13, 2016. [Doc. 1] He contended that Supreme Service paid him and other similarly-situated oil field service workers a fixed salary plus a non-discretionary bonus but did not pay overtime for all hours worked over 40 in a workweek. [Doc. 1 ¶1.2] The claims raised in this lawsuit are identical to those asserted against Supreme Service in a prior *Fair Labor Standards Act* action styled *Kervin et al. vs. Supreme Service & Specialty Co., Inc.,* Case No. 2:15-cv-01172-SM-KWR (the "*Kervin* lawsuit") which settled in June 2016.

Supreme Service asserted the statute of limitations as an affirmative defense in its Answer. [Doc. 23] Supreme Service also filed a motion for summary judgment on this issue. [Doc. 25] Supreme Service argued Plaintiffs' lack evidence of "willfulness" sufficient to apply the FLSA's three-year statute of limitations. [Doc. 25] Supreme Service also asserted that all or

some of the Plaintiffs were exempt from the FLSA's overtime obligations, *e.g.,* under the Motor Carrier Exemption and the "executive exemption." [Doc. 23]

By agreement, a putative class of plaintiffs was conditionally certified in this lawsuit shortly after the case was filed. [Docs. 27, 28] Several additional plaintiffs joined the lawsuit at various times, some before the Court's conditional certification order and some afterwards. One plaintiff (Richard Schrock) was dismissed because the parties agreed his claim was time-barred by the FLSA's three-year statute of limitations. [Docs. 52, 54] Another plaintiff (Forrest Lovelady) voluntarily withdrew to pursue his own action. [Doc. 50] Supreme Service then settled with 17 Plaintiffs whose claims Supreme Service contended were barred by the FLSA's two-year statute of limitations, and these individuals were dismissed. [Docs. 53, 53-1, 55] As part of that settlement, the parties agreed to defer the issue of potential attorneys' fees and costs recoverable for the entire lawsuit for later settlement discussion or resolution by the Court.

Each side to this dispute believes that the evidence and testimony will indisputably support their respective claims. But the parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation make settlement of this matter a mutually appealing resolution.

Supreme Service and these nine remaining plaintiffs have now informed the Court concerning a settlement of all remaining claims. The parties report their calculation method for determining overtime pay and liquidated damages was similar to the method used when the parties resolved the *Kervin* lawsuit. The parties maintain this settlement is fair and reasonable resolution of a *bona fide* FLSA dispute. The attorneys for both parties are quite experienced in wage and hour litigation. They reviewed the evidence and the applicable law and have concluded that settlement of these claims is in the best interest all parties. They have recommended this

settlement to their clients as a reasonable compromise of all the disputed issues of law and fact, and the parties agree.

The Court acknowledges the parties' position that the settlement is a compromise of disputed claims and is not to be deemed as an admission of fault or liability by Supreme Service. The settlement is intended to be a total resolution and complete satisfaction of any and all claims and allegations by these nine Plaintiffs against Supreme Service known or unknown which are or could have been asserted in this action. After approval of the settlement, the parties consent to dismissal of this lawsuit with prejudice.

The parties have agreed that, once the settlement is approved, Supreme Service will pay the following amounts of overtime and liquidated damages to the Plaintiffs:

| Last Name | First Name | OT | LD |
|---|---|---|---|
| Blake | Michael | $18,000 | $8,000 |
| Bonvillain | Junuis | $3,250 | $1,600 |
| Galloway | Jerome | $4,470 | $2,000 |
| Holford | Ryan | $6,560 | $3,200 |
| Lawson | Carroll | $6,400 | $3,200 |
| McDowell | Damien | $5,230 | $2,550 |
| Miller | Dustin | $1,500 | $900 |
| Soto | Vincent | $2,600 | $1,300 |
| Wagner | Jason Bradley | $5,950 | $3,455 |

Plaintiffs will provide Supreme Service executed W-4 tax forms listing their correct current mailing addresses and tax withholdings. Supreme Service will determine any taxes due on the overtime payments. No taxes will be deducted from the liquidated damages amounts. Supreme Service will mail the settlement checks and W-2 forms to the Plaintiffs' mailing addresses on those W-4 forms or any such different addresses provided by Anderson2X, PLLC. Settlement checks will be sent by first class United States mail within twenty (20) business days after this Court's order approving the settlement and dismissing these nine Plaintiffs. If any

checks are returned undeliverable with no forwarding address, Supreme Service will attempt to locate an alternative address using a "skip trace" service and will mail the checks to the alternative address, if any. If any check cannot be delivered in this manner or remains uncashed within six months after date of mailing, Supreme Service may void the check and return the funds to its general accounts and have no further obligation to the individual Plaintiff. Clif Alexander, Michael Tusa Jr. and the law firms of Anderson2X, PLLC and Sutton, Alker & Rather, LLC will not have any obligation to the individual Plaintiff(s) either.

Supreme Service has also agreed to pay Anderson2X, PLLC $40,000.00 in attorneys' fees, costs and litigation expenses for the prosecution of the entire case and on behalf of all 26 plaintiffs who obtained a recovery through settlement in this action. Supreme Service's check in this amount will be sent by first class United States mail to Anderson2X, PLLC within twenty (20) business days after this Court's order approving the settlement and dismissing these nine Plaintiffs.

### LEGAL STANDARD

Court approval is required for any settlement to resolve a lawsuit brought under the Fair Labor Standards Act. *Istre v. Louisiana Tank Specialties, LLC.,* No. CV 14-339, 2016 WL 866709, at *1 (E.D. La. Mar. 7, 2016) (citing *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 717 (E.D. La. 2008)). "'In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* "The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the 'clear FLSA requirements' by entering into a settlement agreement." *Id.* "When deciding whether to approve a proposed settlement, the Court must

assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable." *Id.* (citing *Domingue v. Sun Electric & Instrumentation, Inc.,* No. 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010)). "A key focus is to ensure that an employer does not take advantage of its employees in settling their claim for wages." *Sierra v. E.M.S.P., LLC,* No. CIV.A. 15-0179, 2015 WL 5823293, at *2 (E.D. La. Oct. 6, 2015).

**ANALYSIS**

"While conducting the analysis, the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair and remain aware that a settlement is a compromise, a yielding of highest hopes for certainty and resolution." *Sierra, supra* at *3 (quoting *Collins, supra* at 720).

   *a.*   *Bona fide dispute*

"[S]ignificant dispute over the issue of Plaintiffs' classification, as well as other issues relating to the calculation of overtime payment" are evidence of a *bona fide* dispute. *Allen v. Entergy Operations Inc.,* No. CV 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 16, 2016). As evidenced by the record in the *Kervin* lawsuit and this companion case, there is a significant *bona fide* dispute as to whether the Plaintiffs ultimately are entitled to overtime and whether any of the exemptions cited by Supreme Service are applicable. The Court finds a *bona fide* dispute exists.

   *b.*   *Fair and Reasonable.*

"[T]here is a strong presumption in favor of finding a settlement fair", and the fact a "settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Domingue v. Sun Electric & Instrumentation, Inc.,* No. 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010) (internal quotation marks deleted). Six factors generally guide this Court's analysis of the fairness and reasonableness of a *FLSA* settlement: "(1) the existence of fraud or

collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members." *Istre, supra* at *2. After due consideration, the Court finds each of these factors weighs in favor of a conclusion the parties' settlement is fair and reasonable.

      i.      <u>The existence of fraud or collusion behind the settlement.</u>

"'[A]bsent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.'" *Istre*, supra at *2 (quoting *Domingue*, 2010 WL 1688793, at *1). There is nothing before this Court to rebut this presumption. The parties have engaged in good-faith negotiations to resolve this matter amicably. This first factor indicates the settlement is fair and reasonable.

      ii.      <u>The complexity, expense, and likely duration of the litigation.</u>

The parties anticipate considerable time, effort and expense would be involved in further discovery and litigation. The contested issues might or might not be resolved by summary judgment. Further litigation would entail additional expense which the parties seek to avoid through settlement. The issues may not be resolved until after a trial which date has yet to be established. The Court finds the second factor indicates the settlement is fair and reasonable.

      iii.      <u>The stage of the proceedings and the amount of discovery completed.</u>

This Court "consider[s] how much formal discovery has been completed for two reasons: (1) extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information, and (2) full discovery demonstrates that the parties have litigated the case

in an adversarial manner and...therefore...settlement is not collusive but arms-length.'" *Istre, supra* at *3 (internal quotation deleted; citation omitted). But the "lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted." *Id.* In addition to discovery undertaken in the *Kervin* lawsuit, the parties have engaged in additional discovery in this case as well as informally exchanged information. This third factor indicates the settlement is fair and reasonable.

        iv.        <u>The probability of the plaintiffs' success on the merits.</u>

Given the unresolved factual and legal disputes between the parties, it is unlikely that these Plaintiffs would establish Supreme Service's liability or significant recovery for 100% of the Plaintiffs. The settlement reached by the parties provides recoveries for these Plaintiffs which recognize the strengths and weaknesses of their claims. This factor indicates the settlement is fair and reasonable.

        v.        <u>The range of possible recovery.</u>

The settlement involves compromise amounts of overtime pay and liquidated damages for these Plaintiffs. The Court finds that the agreed-upon amounts are within a range of possible recovery and thus indicates the settlement is fair and reasonable.

        vi.        <u>The opinions of counsel, class representatives, and absent class members.</u>

The only parties to the settlement are the Plaintiffs and Supreme Service. There are no "absent class members."[1] All parties are represented by counsel.[2] The parties jointly seek judicial

---

[1] *See LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir. 1975) ("Under [29 U.S.C. § 216(b)],...no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent."); *Brown v. United Furniture Industries, Inc.*, 2015 WL 1457265, at *5 (N.D. Miss. Mar. 30, 2015) ("[I]n an FLSA collective action, there are no absent class members; only those who have opted in are considered parties to the suit and bound by the results of the action.").

approval of a settlement agreement which addresses a bona fide dispute and was negotiated in good faith. The Court finds the final factor indicates the settlement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court finds the parties' settlement is both premised on a *bona fide* dispute and is fair and reasonable.

Accordingly;

IT IS ORDERED that the Joint Motion to Approve Settlement is GRANTED and the parties' settlement is APPROVED.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 26th day of April, 2017.

_____
HON. SUSAN MORGAN
DISTRICT JUDGE

---

[2] "'The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement.'" *Lackey v. SDT Waste & Debris Servs., LLC*, No. CIV.A. 11-1087, 2014 WL 4809535, at *2 (E.D. La. Sept. 26, 2014) (quoting *Collins, supra*, at 727).